William TEMPLEMAN and Alyce Templeman, Plaintiffs, Appellants,

v.

CHRIS CRAFT CORPORATION, Defendant, Appellee.

No. 84–1889.

United States Court of Appeals, First Circuit.

Argued June 5, 1985.

Decided Aug. 16, 1985.

Theodore T. Schuld, Chicago, Ill., with whom Patrick J. Mazza, Arthur L. Klein and Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., were on brief for plaintiffs, appellants.

Ivan M. Fernandez, Hato Rey, P.R., with whom Ulpiano Falcon Matos and Falcon & Fernandez, Hato Rey, P.R., were on brief for defendant, appellee.

Before COFFIN, RUBIN * and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The issues in this appeal are whether the district court erred in denying plaintiffs' request for prejudgment interest, costs and attorney's fees. Plaintiffs, William and Alyce Templeman, received a jury verdict of $238,293 for personal injuries and property losses resulting from the burning and sinking on the high seas of their yacht which had been manufactured by defendant Chris Craft Corporation.

*Prejudgment Interest*

Plaintiffs brought suit on the basis of diversity jurisdiction under theories of strict liability, negligence and breach of express and implied warranties. The district court determined that admiralty was the applicable substantive law. Plaintiffs claim that Michigan law, which requires the addition of prejudgment interest in civil actions, should have been used. For the reasons that follow, we find that plaintiffs did not properly raise the issue below and are precluded from doing so now.

In September of 1983, plaintiffs filed a "Petition and Memorandum of Law Seeking Determination of Substantive Law Applicable to This Action." The petition sought the application of Florida substantive law or, in the alternative, Puerto Rico substantive law. The petition also asserted that admiralty law applied. Nowhere in the petition is there any mention that Michigan law applied.

The question of the applicable substantive law was referred by the district court to a magistrate. The magistrate recommended "that the substantive law applicable to this case should be general admiralty law including its choice of law rules." The recommendation does not advert to Michigan law directly or by remote inference. The recommendation of the magistrate was filed on January 27, 1984. Plaintiffs did not object to it. The district court adopted the magistrate's report and recommendation on March 21, 1984.

The case was tried and submitted to the jury on the basis of general admiralty law. The jury was specifically asked, as required in admiralty, whether the plaintiffs were entitled to prejudgment interest and found that they were not. Plaintiffs now argue that the substantive law of Michigan should govern the question of prejudgment interest. They contend that because a breach of warranty occurred under the contract to build or sell the yacht and this type of contract is not governed by admiralty, the substantive law of the place of delivery, Michigan, should govern the warranty claims and the question of whether to award prejudgment interest. Under Michigan law, prejudgment interest is required by statute. Mich.Comp.Laws Ann. § 600.-6013(1), (2) (Supp.1985).

■ The failure of plaintiffs to object to the magistrate's report and recommendation is a complete bar to appellate review of their claim that Michigan law is applicable. *Hovan v. United Brotherhood of Carpenters and Joiners of America,* 704 F.2d 641, 641–42 (1st Cir.1983); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *Park Motor Mart, Inc. v. Ford Motor Company,* 616 F.2d 603 (1st Cir.1980). Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation. General admiralty law, therefore, became the law of the case.

* Of the Fifth Circuit, sitting by designation.

▮ Although plaintiffs in their trial brief did suggest that Michigan's or Wisconsin's rules on prejudgment interest applied, we do not think that this rose to the level of an objection to the magistrate's report and, even if it did, it was not made within the ten-day statutory period.[1] The trial brief was filed on August 24, 1984, seven months after the magistrate's report and five months after the district court adopted the report. Nor did the plaintiffs object to the court's submitting the case to the jury on an admiralty prejudgment interest instruction and special interrogatory. A party may not appeal from an error to which he contributed by failing to object. *Austin v. Unarco Industries, Inc.,* 705 F.2d 1, 15 (1st Cir.), *cert. denied,* 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983).

Taking these omissions into consideration, we think it clear that plaintiffs did not properly raise the issue of the applicability of Michigan prejudgment interest law below. They are, therefore, precluded from doing so on appeal. *Brook Village North Associates v. General Electric Company,* 686 F.2d 66, 76 (1st Cir.1982). We have repeatedly held that, in the absence of a miscarriage of justice, we will not consider a legal theory or contention not presented to the trial court and raised for the first time on appeal. *Computer Systems Engineering, Inc. v. Qantel Corporation,* 740 F.2d 59, 64 (1st Cir.1984); *Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 73 (1st Cir.) (listing cases), *cert. denied,* — U.S. —, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984); *Marcial Ucin, S.A. v. SS Galicia,* 723 F.2d 994, 1002 (1st Cir.1983); *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979).

*Costs*

Following the jury verdict in their favor, the plaintiffs submitted a bill of costs in the amount of $24,300 for expenses they had incurred in the litigation. The district court entered an order allowing $1,136.33

plus the actual air fare paid by the plaintiffs' expert witness as costs taxable to Chris Craft. The question is whether the district court erred in denying plaintiffs' requests for deposition costs, docket fees, and expert witness fees.

The statute on taxation of costs, 28 U.S.C. § 1920, lists six items that may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Federal Rule of Civil Procedure 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs; ...." The Supreme Court has warned that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). With this frame of reference, we turn to the specific disallowed items.

1. *Deposition Costs*

For the costs of transcribing and copying six depositions, the plaintiffs requested reimbursement in the amount of $2,781.45. The district court excluded all deposition expenses from the costs taxed against Chris Craft.

---

**1.** The Federal Magistrate's Act, 28 U.S.C. § 636, provides in pertinent part:

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.

Section 1920(2) permits taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

Courts have generally held that the cost of taking and transcribing depositions fits within subsection 2. See *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir.1982); *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n. 48 (D.C. Cir.1981); *Economics Laboratory, Inc. v. Donnolo*, 612 F.2d 405, 411 (9th Cir. 1979); *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir.1979); *Keyes v. School District No. 1*, 439 F.Supp. 393, 417 (D.Colo.1977).

*Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir.1983). While some cases hold that the costs of depositions are taxable only if they were either introduced in evidence or used at trial, other cases allow the recovery of such costs if the taking of the depositions is shown to have been reasonably necessary in light of the particular situation at the time it was taken. *Copper Liquor, Inc. v. Adolph Coors Company*, 684 F.2d 1087, 1099 (5th Cir.1982). *See generally* 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice § 54.77[4] (2d ed. 1985). We hold that if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party. It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial.

In its order denying the deposition costs, the court stated: "None of the depositions taken were admitted in evidence at trial; therefore, they are not allowable costs." This is contrary to the record which shows that the six depositions for which plaintiffs seek costs were read into the record "in order to determine which parts will be read to the jury." Parts of two depositions were then read to the jury. We think it clear that all six depositions were introduced into evidence. Reading them into the record in order for the court to determine which parts could be read to

the jury was in the nature of an offer of proof. The depositions read to the jury became, of course, part of the testimony of the case. The costs of the six depositions, $2,568.45, should, therefore, have been taxed to the defendant.

A subsidiary question is whether the expense of copying the depositions, $213.00, should be taxed as part of the deposition costs. The district court's order did not cover this. Section 1920(4) lists as a permissible taxable cost "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." In light of plaintiffs' unrefuted statement that in "introducing these depositions into the record it was necessary to use the original and a copy of each transcript," the copying costs should also have been taxed to the defendant.

### 2. Docket Fees

Plaintiffs requested reimbursement for the docket fees of $15.00 for the six depositions; this was also denied by the district court. Section 1920(5) allows taxation of docket fees under 28 U.S.C. § 1923. Section 1923(a) directs these costs to be taxed at "$2.50 for each deposition admitted into evidence." The docket fees of $15.00 must, therefore, be taxed to the defendant.

### 3. Witness Fees

Plaintiffs included in their bill of costs $6,975.15, the entire expense of retaining an expert witness for the litigation. The district court disallowed most of the amount requested, allowing only the standard statutory fee as prescribed under 28 U.S.C. § 1821 plus air fare to San Juan.

Section 1920(3) contains the statutory provision for taxing witnesses' fees as costs. Section 1821 specifies the amount of such fees. The long-standing rule is that the "federal statute governs." *Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 284 U.S. 444, 448, 52 S.Ct. 223, 225, 76 L.Ed. 386 (1932). We have held that this rule applies in diversity cases.

*Bosse v. Litton Unit Handling Systems, Division of Litton Systems, Inc.,* 646 F.2d 689, 695 (1st Cir.1981). Thus, "[a]dditional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the Federal courts." *Pizarro-de-Ramirez v. Grecomar Shipping Agency,* 82 F.R.D. 327, 328 (D.P.R.1976).

We recognize that the district court has some discretion in the taxation of costs for witnesses. *Farmer v. Arabian American,* 379 U.S. at 232, 85 S.Ct. at 415. The rule in this circuit is: "Ordinarily the taxation of costs would be limited to those ordinary costs authorized by § 1920. Extraordinary costs may be allowed, however, when specifically approved by the court prior to trial." *Gradmann & Holler GMBH v. Continental Lines, S.A.,* 679 F.2d 272, 274 (1st Cir.1982). There was no such pretrial approval here. The district court's award of costs for plaintiffs' expert witness was in accord with the law and well within its discretion.

### Attorney's Fees

■ Plaintiffs claim that they are entitled to $80,000 in attorney's fees under Rule 44.4(d) of the Puerto Rico Rules of Civil Procedure, because defendant's conduct was frivolous and obstinate. There are two reasons why this claim must be rejected, one legal and the other factual. We turn first to the law.

Recognizing that the Puerto Rican statute and Rules of Procedure are part of the substantive law of the Commonwealth, we have allowed attorney's fees thereunder in diversity cases. *Pan American World Airways, Inc. v. Ramos,* 357 F.2d 341, 342 (1st Cir.1966). The applicability of state statutes awarding attorney's fees and other expenses in diversity cases was established in *Cohen v. Beneficial Finance Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *But we have never extended the allowance of such costs arising under federal law.* We noted this in *Betancourt v. J.C. Penney Co., Inc.,* 554 F.2d 1206 (1st Cir.1977): "The federal court in a diversi-

ty case *although not otherwise,* of course recognizes the Puerto Rican rule allowing attorney's fees to be awarded specially for obstinacy, . . ." (emphasis added). *See also Alicea Rosado v. Garcia Santiago,* 562 F.2d 114, 118 (1st Cir. 1977).

*Sanabria v. International Longshoremen's Association Local 1575,* 597 F.2d 312, 313–14 (1st Cir.1979) (first emphasis added), *noted in* 6 Moore's Federal Practice § 54.77[2] at 143–44 (1984–1985 Supp). *Sanabria* controls here. This is not "a typical diversity case" in which the federal court would apply Puerto Rico substantive law. The law applicable was federal admiralty law. *See Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1052 (1st Cir.1973); *Moore-McCormack Line, Inc. v. Amirault,* 202 F.2d 893, 896 (1st Cir.1953). Plaintiffs have no legal basis for invoking Rule 44.-4(d) of the Puerto Rico Rules of Civil Procedure.

■ Under admiralty law, a court has inherent power "to assess attorneys' fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Gradmann & Holler v. Continental,* 679 F.2d at 274 (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Nothing in the record convinces us that an exercise of this "equitable power" is appropriate. While it is true that the litigation lasted for ten years, the record is replete with delays caused by both sides. Indeed, the plaintiffs' attorneys were reprimanded by the district court for "their failure to prosecute the case in a diligent and orderly manner." Some of the delay was caused by the untimely death of two former chief judges of the District Court of Puerto Rico, both of whom had been handling the case.

### Summary

We affirm the district court's denial of prejudgment interest, expert witness fees and attorney's fees. We reverse as to deposition costs and docket fees. The amount

of $2,796.45 must be taxed to the defendant.

*Affirmed in part and reversed in part. Remanded.*

No costs to either party on appeal.

ALVIN B. RUBIN, Judge, concurring:

In the First Circuit, a party's failure to object to a magistrate's recommendations with respect to both findings of fact and conclusions of law constitutes a waiver of the right to contest those issues on appeal.[1] Accordingly, I concur. Other circuits, however, apply this waiver rule only to a magistrate's findings of fact.[2] It is my opinion that the latter construction of 28 U.S.C. § 636(b)(1) is the better. Therefore, had I the choice, I would reach the merits of appellants' claim that Michigan rather than admiralty law applies.

---

**1.** *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980); *accord United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981); *cf. John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 588 F.2d 24, 29–30 (2nd Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979).

**2.** *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454–55 (9th Cir.1983); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc) (Unit B); *accord Lorin Corp. v. Goto & Co.,* 700 F.2d 1202, 1206 (8th Cir.1983); *see also United States v. Schronce,* 727 F.2d 91, 94–95 & n. 2 (4th Cir.) (Murnaghan, J., concurring), *cert. denied,* —— U.S. ——, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).