HONOLULU MARINE, INC., dba
Kewalo Shipyard, Plaintiff—
Appellee,

v.

M/V NOIO, O.N. 1035347, her machinery,
equipment, engines, gear, licenses and
appurtenances, In Rem; et al., Defen-
dants,

and

John R. Orsini, Defendant—Appellant,

v.

Craig Kobayashi; et al., Plaintiff–
Intervenors.

No. 03–15063.
D.C. No. CV–01–00657–ACK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided June 7, 2004.

Bryan Y.Y. Ho, Honolulu, HI, for Plaintiff–Appellee.

Philip J. Leas, Esq, Stephen J. Rafferty, Cades, Schutte, Fleming & Wright, Honolulu, HI, for Defendant–Appellant.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

John R. Orsini ("Orsini") appeals a non-jury trial disposition in an action by Honolulu Marine, Inc. ("HMI") to enforce a maritime lien against the vessel "Noio" for unpaid haul out, drydock, and ship repair services performed by HMI between 1996 and 1998. Among a host of contentions, Orsini asserts that the district court erred in denying Orsini summary judgment as to his laches defense and in denying Orsini costs and reasonable attorneys' fees incurred defending against HMI's *in personam* claim against Orsini.

Whether HMI had an affirmative duty to plead an excuse for delay.

As Fed.R.Civ.P. 15(a) provides, leave to amend "shall be freely given when justice so requires." *Id.* Here, any purported pleading error could have been easily cured. Moreover, since the issue of laches had already gone to trial, dismissal at such a late stage in the proceedings for a pleading defect would have been manifestly unfair.

### Whether there was an insufficient factual basis for HMI to overcome Orsini's laches defense.

Orsini contends that excuses within the control of the maritime lien claimant and not attributable to the conduct of the party asserting laches are not valid excuses for delay. However, none of the cases proffered by Orsini bear out this proposition. The district court properly noted that "Orsini knew of HMI's liens before [Orsini] filed suit in 1998 and he stands in the opposite position of the good faith purchaser or subsequent lienor without knowledge."

█ Moreover, aside from general references to the total costs and fees incurred after June 29, 1998, Orsini does not provide specific support for his contention that HMI's delay in filing suit was prejudicial. "Such generic claims of prejudice do not suffice for a laches defense in any case." *In re Beaty,* 306 F.3d 914, 928 (9th Cir.2002).

### Whether the district court's partial summary judgment finding was erroneous.

Orsini offers two principal arguments against the partial summary judgment ruling; both arguments lack merit.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Orsini first argues that the district court improperly resolved a contested issue of material fact in finding that any services provided by HMI were requested by the owners of the Noio. Aside from conclusory say-so, Orsini offers no specific evidence in support of this assertion.

 Similarly, any notion that the district court erred in allowing HMI to assert a maritime lien for payments made to subcontractors is unsupported by the law. The rule that subcontractors are not normally entitled to a lien is inapplicable to general contractors. *See Port of Portland v. M/V Paralla,* 892 F.2d 825, 828 (9th Cir.1989); *Farwest Steel Corp. v. Barge Sea–Span 241,* 828 F.2d 522, 526 (9th Cir. 1987). Because it managed the project of providing necessaries to the Noio, HMI is entitled to a maritime lien.

**Whether the district court erred in finding that the incurred attorneys' costs were not prejudicial.**

 To demonstrate laches, a defendant must show both unreasonable delay by the plaintiff and prejudice. *See Danjaq, LLC v. Sony Corp.,* 263 F.3d 942, 955 (9th Cir. 2001). In the context of expectations-based prejudice, a defendant must demonstrate that he "took actions or suffered consequences that [he] would not have, had the plaintiff brought suit promptly." *Id.* at 955 (citations omitted). A purpose of the limitations period is to "enable the defendant to cap his liability." *Cook v. City of Chicago,* 192 F.3d 693, 696 (7th Cir.1999).

Citing two decisions which purportedly stand for the proposition that "[l]aches may apply before or after the running of the analogous statute of limitations," Orsini contends that the district court erred in disregarding prejudice suffered before the expiration of the two-year statute of limitations. Not only are the cases cited by

Orsini inapplicable, but most of the attorneys' fees had already accrued before HMI provided the services giving rise to the lien. Therefore, the district court's denial of laches must stand.

**Whether the district court erred in refusing to award Orsini attorneys' fees and costs as to HMI's *in personam* claim.**

 As a general rule in admiralty cases, attorneys' fees are not available absent bad faith or oppressive litigation tactics. *See, e.g., Templeman v. Chris Craft Corp.,* 770 F.2d 245, 250 (1st Cir.1985); *Louis v. Atlantis Submarines, Inc.,* No. Civ. 97–01194 SOM, 1999 WL 641793 at * 3 (D.Haw. Feb.8, 1999). Absent bad faith, Orsini must demonstrate that the claim at issue is not "integrally and historically related to maritime law and jurisdiction." *Louis,* 1999 WL 641793 at *3.

It is undisputed that the core claim at issue, HMI's breach of contract claim for haul out, drydock, ship repairs, and materials provided, is substantially related to maritime law. *See Southwest Marine, Inc. v. Danzig,* 217 F.3d 1128, 1135 (9th Cir. 2000) (noting that a contract for ship repairs is a maritime contract (citing *The Jack–O–Lantern,* 258 U.S. 96, 99, 42 S.Ct. 243, 66 L.Ed. 482 (1922))). Moreover, any argument that Orsini should be awarded attorneys' fees lacks merit, since it is undisputed that HMI never served Orsini.

**Whether the district court erred in awarding intervenors a share of proceeds from the Noio and absolving them of liability.**

Since HMI did have a valid maritime claim, Orsini's arguments as to intervenors' share of proceeds and liability are now moot.

Whether the district court erred in ruling that Orsini is not entitled to costs under Fed.R.Civ.P. 68.

██ Fed. Civ. P. 68 applies to an offer made by "a party defending against a claim." *Id.; see Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351–52, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) ("[I]t is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff."). In this case, the intervenors never asserted any claims against Orsini. As such, Orsini was not the defendant, even if he was seeking to protect his interests in the Noio from the intervenors' claims. His argument, therefore, fails.

We **AFFIRM** the judgment of the district court.[1]

---

1. The motion to set case for oral argument has been rendered moot.

