**Pedro L. RAMOS–MARTINEZ,**
**et al., Plaintiff(s)**

**v.**

**Jose NEGRON–FERNANDEZ,**
**et al., Defendant(s).**

**Civil No. 03–1408(JAG).**

United States District Court,
D. Puerto Rico.

Sept. 19, 2005.

Eric R. Ronda–Del–Toro, Mercado & Soto, San Juan, PR, for Plaintiffs.

Hector E. Valdes–Ortiz, Sanchez Betances & Sifre, P.S.C., San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion for Summary Judgment, filed by defendants on December 6th, 2004. (Docket No. 51). For the reasons set forth below, the Court **GRANTS** the Motion as to plaintiff's Due Process claim, and **DENIES** it as to the First Amendment claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Pedro L. Ramos–Martínez ("Ramos–Martínez") began working for the Juvenile Institutions Administration ("JIA") in September 1998, and was named Director of Budget and Finance of that agency in February of 1999. Co-defendant José Negrón–Fernández was appointed Administrator of the JIA on December 2nd, 2001.(Docket No. 53 at 3).

As a result of the alleged illegality of an assignment of monies authorized by Ramos–Martínez, Negrón–Fernández ordered that Ramos–Martínez be suspended with pay, and that termination proceedings begin against him.[1] *Id.*, at 9. Shortly thereafter, an Independent Examiner conducted a pre-termination hearing and found no cause for terminating Ramos–Martínez.[2] Negrón–Fernández, nonetheless, disregarded the Independent Examiner's recommendation and terminated Ramos–Martínez from his employment at the JIA. *Id.*

On April 15th, 2003, Ramos–Martínez filed a Complaint in this Court under 42 U.S.C. § 1983, alleging that defendants

1. Negrón–Fernández's order was announced on June 21, 2002. (Docket No. 53 at 9).

2. The pre-termination hearing was held on December 27th, 2002. *Id.*

discriminated against him because of his political beliefs, in violation of his rights under the First and Fourteenth Amendments. (Docket No. 1). In addition, Ramos–Martínez claimed several causes of action under state law.

On December 6th, 2004, defendants filed a Motion for Summary Judgment, (Docket No. 51), urging the Court to dismiss Ramos–Martínez's complaint inasmuch as Ramos–Martínez's termination was allegedly legitimate and non-discriminatory. Defendants further argue that Ramos–Martínez was afforded a pre-termination hearing and thus his due process claim was meritless. Additionally, defendants contend that they are immune from the claims for monetary damages pursuant to qualified immunity. On June 20th, 2005, the Court referred defendants' Motion to Magistrate–Judge Gustavo A. Gelpí for a Report and Recommendation. (Docket No. 84).

On July 22nd, 2005, the Magistrate–Judge issued a Report and Recommendation to grant the Motion as to plaintiff's Due Process claim, and deny to it as to the First Amendment claim. (Docket No. 94). After reviewing the Magistrate–Judge's findings, as well as plaintiff's timely objections, the Court hereby **ADOPTS** the Report and Recommendation.

## STANDARD OF REVIEW

### 1. Review of Magistrate–Judge's Report and Recommendation

■ A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin

ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). If a party files timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003) (quoting, *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)). However if the affected party fails to timely file objections, " 'the district court can assume that they have agreed to the Magistrate's recommendation.' " *Id.*

## DISCUSSION

### 1. First Amendment Claim

■ Magistrate–Judge Gelpí concluded that, after making all reasonable inferences in plaintiff's favor, Ramos–Martínez presented sufficient evidence to establish an issue of material fact as to the knowledge defendants possessed of his political affiliation. (Docket No. 94 at 3). Moreover, the Magistrate–Judge found an issue of fact as to whether Ramos–Martínez was informed of the manner in which the JIA funds could be used. Since adjudicating these facts is essential for determining the reasons behind plaintiff's termination, the Magistrate–Judge recommends the Court to deny the defendants' Motion to Dismiss as to the First Amendment claim.

The deadline for filing objections elapsed without any party objecting to this portion of the Report and Recommendation. The Court therefore, upon review of the record, **DENIES** Defendant's Motion

to Dismiss as to the plaintiff's First Amendment claim.

### 2. *Due Process Claim*

The Magistrate–Judge noted that Ramos–Martínez was a career employee within the JIA, and thus had a constitutionally protected interest in continued employment under Puerto Rico law. (Docket No. 94 at 4). The Magistrate–Judge further noted that Ramos–Martínez was afforded an informal pre-termination hearing, and that the Independent Examiner found no "factual or legal basis, nor evidence to support his employment termination." *Id.,* at 5. However, co-defendant Negrón–Fernández, pursuant to the JIA's Organic Law,[3] disregarded the Independent Examiner's recommendation and terminated Ramos–Martínez. The Magistrate–Judge concluded that Ramos–Martínez was awarded all procedural remedies available to him because, according to the JIA's Organic Law, the nominating authority does not have to totally accept the recommendations made by the examining officer, but only the parts of his report that the agency deems correct. Consequently, the Magistrate–Judge recommended to dismiss plaintiff's due process claim.

Ramos–Martínez objected to the Magistrate–Judge's Report and Recommendation arguing that "if the agency did not accept the examining officer's report based on what the agency deems correct, then [he] did not have a fair opportunity to

present his position before an arbitrating party," and hence "his due process right was violated since the administrative hearing lacked of the minimum requirements needed to be effective." (Docket No. 95 at 3). The Court disagrees.

An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing in accordance with the nature of the case. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Supreme Court has described the "root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). This principle requires "some kind of a hearing" prior to the discharge of an employee who has a constitutionally protected interest in his employment. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The foregoing considerations indicate that the pre-termination hearing, though necessary, need not be elaborate. In fact, the Supreme Court has stated that

---

3. Act No. 154 of 1988, 8 L.P.R.A. § 561, states in pertinent part

[t]he employee shall be notified of the filing of charges along with a summary of the facts upon which the disciplinary action is based and the norms, rules or acts violated by such conduct. He shall be informed of his/her right to an informal administrative hearing to explain his/her version of the facts if he requests it within fifteen (15) days following the notice of the filing of charges.

After the informal administrative hearing, or if the fifteen (15) days have elapsed without it being requested, the nominating authority shall determine the corresponding final action and shall advise the employee thereof. If the final decision is to dismiss the employee or suspend him/her from salary and employment, he will be advised of his/her right to appeal before the Board of Appeals of the Personnel Administration System within thirty (30) days after having received notice thereof.

"the formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Loudermill,* 470 U.S. at 545, 105 S.Ct. 1487. In general, something less that a full evidentiary hearing is sufficient prior to adverse administrative action. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). However, the affected party must always be given an opportunity to respond, coupled with post-termination administrative procedures. *Loudermill,* 470 U.S. at 545–47, 105 S.Ct. 1487.

■ A review of the record shows that Ramos–Martínez was notified of the charges, and that a hearing was held before an Independent Examiner. (Docket No. 53 at 9). The record further shows that, on May 22nd, 2003, Ramos–Martínez appealed Negrón–Fernandez's decision before the Board of Appeals of the Personnel Administration System. *Id.* at 10, Exhibit 13. Ramos–Martínez does not counter these facts. However, Ramos–Martínez questions the legality of Negrón–Fernández disregarding the Independent Examiner's recommendation, which Ramos Martínez asserts amounted to a violation of his right to a fair pre-termination hearing.

This argument is misplaced because, as the Magistrate–Judge correctly stated, the JIA Organic Law, 8 L.P.R.A. § 561, clearly allows the administrator to take the final employment action. The administrator, however, must advise a terminated employee of his right to appeal before the Board of Appeals of the Personnel Administration System within thirty (30) days after having received notice thereof. Ramos–Martínez does not deny that this was done in the present case.

Therefore, the Court rules that Ramos–Martínez was afforded all the procedural remedies available to him and thus **DISMISSES** his due process claim.

### 3. *Qualified Immunity*

The Magistrate–Judge reported that "because issues of fact exist regarding possible discriminatory animus, the Court is precluded from considering the qualified immunity defense at this time." The Court agrees. *See Rivera–Jimenez v. Pierluisi,* 362 F.3d 87 (1st Cir.2004); *Padilla–García v. Rodríguez,* 212 F.3d 69, 74 (1st Cir.2000).

### CONCLUSION

In light of the foregoing, the Court **ADOPTS** the Magistrate–Judge's Report and Recommendation and, accordingly, **GRANTS** the Motion for Summary Judgment as to plaintiff's Due Process claim, and **DENIES** it as to the First Amendment claim. Partial Judgment shall enter accordingly.

IT IS SO ORDERED.