David **EFRON,** Plaintiff,

v.

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, et al., Defendants.**

**Civil No. 04–1686(FAB).**

United States District Court, D. Puerto Rico.

March 31, 2008.

Alberto J. Perez–Hernandez, David Efron, David Efron Law Offices, San Juan, PR, Daniel Molina–Lopez, Etienne Totti–Del–Valle, Totti & Rodriguez Diaz, Hato Rey, PR, for Plaintiff.

Rosa Nelly Plaza–Acevedo, E. Umpierre Suarez, PSC, Luis Sanchez–Betances, Sanchez Betances & Sifre, P.S.C., San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

█ A District Court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b) and Local Civil Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (*citing*

*United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (*citing LaCedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I.2004)).

On August 22, 2007, the United States Magistrate Judge issued a Report and Recommendation recommending that the defendants Puerto Rico Highway and Transportation Authority's ("PRHTA"), Dr. Jack T. Allison's and Paquito Rivera's Motions for Summary Judgment (Docket Nos. 45 and 51) be granted.

On September 13, 2007, plaintiff Jose Efron filed an "Objection to Magistrate's Report and Recommendation" in which he raises five objections to the Magistrate Judge's Report and Recommendation. (Docket No. 113)

Having reviewed the objections, however, it is clear that only the second objection is relevant to the issue brought to this court's attention in defendants' motions for summary judgment. Therefore, the Court will not accept plaintiff's invitation to entertain objections that deal with the merits of a case that is not ripe for adjudication.

█ In the second objection, plaintiff alleges that he exhausted the proceedings available in the Puerto Rico courts but

they were insufficient and inadequate. Plaintiff's main contention in support of the alleged inadequacy of the state court proceedings is that, although he was never served with process within the required period in the state courts proceedings, he voluntarily appeared at every level of the state system challenging the alleged "public use" of the property here at issue without the opportunity to vindicate his rights. The court believes that plaintiff's objection is meritless and that Puerto Rico law provides Efron with adequate remedies and procedures.

It is clear from the order entered by the Puerto Rico Court of Appeals that, although plaintiff was afforded an opportunity to protect his rights as part of the expropriation proceeding by contesting a finding of public use or the amount of just compensation he was to receive, he voluntarily refused this opportunity. Instead, he moved to dismiss the case because he was not timely served with process. Therefore, contrary to plaintiff's objection, it is clear that he voluntarily refused to participate in the state court proceeding. As correctly held by the Magistrate Judge in the Report and Recommendation, his voluntary refusal to participate in the state court proceeding does not make the remedy that would be available to him "unavailable or inadequate". (Docket No. 109, p. 9)

Therefore, Efron still has the opportunity to contest the public use of the property or to challenge the fairness of the compensation before the state courts. In fact, as explained in his Motion for Voluntary Dismissal, plaintiff will submit himself "to the jurisdiction of the Commonwealth Court on the expropriation matter, without waiving any of his allegations in this case." (Docket No. 115, p. 2).

Having considered Efron's objections, his Motion for Voluntary Dismissal and Defendants' Response in Opposition (Docket Nos. 113, 115 and 116), and after an independent examination of the record in this case, the Court **ADOPTS** the Magistrate Judge's findings and recommendations.

Accordingly, defendants' Motions for Summary Judgment (Docket Nos. 45 and 51) are hereby **GRANTED.** Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**