**David EFRON, as personal representative of The Estate of Jose Efron, Plaintiff,**

v.

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, et al., Defendants.**

**Civil No. 04–1686 (FAB).**

United States District Court, D. Puerto Rico.

June 30, 2009.

Alberto J. Perez–Hernandez, David Efron Law Offices, San Juan, PR, Daniel Molina–Lopez, Etienne Totti–Del–Toro, Etienne Totti–Del–Valle, Totti & Rodriguez Diaz, Hato Rey, PR, for Plaintiff.

David Efron, David Efron Law Offices, San Juan, PR, pro se.

Rosa Nelly Plaza–Acevedo, E. Umpierre Suarez, PSC, Luis Sanchez–Betances, Sanchez–Betances, Sifre & Munoz–Noya Law Offices, P.S.C., San Juan, PR, for Defendants.

## OPINION AND ORDER[1]

BESOSA, District Judge.

A district court may refer a pending dispositive motion to a magistrate judge for a Report and Recommendation ("R & R"). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); Loc.Civ.R. 72(a). Any party may file written objections to the R & R within ten days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). The party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Id.; see also Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (*citing United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule waives the party's right to review in the district court. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88

---

**1.** Whitney L. Meier, a second-year student at Georgetown University Law Center, assisted in the preparation of this opinion.

L.Ed.2d 556 (1985); *Alamo Rodriguez v. Pfizer Pharms., Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). In conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On August 4, 2004, plaintiff David Efron ("plaintiff"), the representative of the estate of the late Jose Efron, filed a second amended complaint against defendants Puerto Rico Highway and Transportation Authority, Mora Development Corporation ("Mora"), and Mora's president, Mr. Cleofe Rubi,[2] alleging unauthorized development and taking of land owned by Jose Efron. (Docket No. 21) The complaint invoked 42 U.S.C. § 1983, and alleged that defendants conspired to deprive plaintiff of property without due process of law in violation of the United States Constitution and in violation of Article 1802 of Puerto Rico's Civil Code. Laws of P.R. Ann. tit. 31 § 5141. (*Id.*) On March 31, 2008, defendants' Motions for Summary Judgment (Docket Nos. 45 and 51) were both granted with respect to the section 1983 claim because plaintiff did not avail himself of the adequate procedural protections available in state court before pursuing his claims in federal court as required by *SFW Arecibo Ltd. P'ship S.E. v. Rodriguez,* 415 F.3d 135, 139 (1st Cir.2005). (Docket Nos. 122 and 123) Plaintiff's remaining state claims were dismissed without prejudice. (*Id.*)

On April 29, 2008, defendants filed a Bill of Costs, and on May 14, 2008, filed a Motion for Attorneys' Fees. (Docket Nos. 124 and 127, respectively) On August 29, 2008, plaintiff notified the Court of proceedings against defendants in state court. (Docket No. 139) The state litigation concerns the claims that were previously dismissed without prejudice. (*Id.*)[3] On December 3, 2009, Magistrate Judge Bruce J. McGiverin issued an R & R recommending that defendants' motions for costs and attorneys fees be granted in part and denied in part. (Docket No. 143) The R & R suggested that recovery of expenses under 42 U.S.C. § 1988(b) and under Rule 54(d)(1) be limited to those fees and costs directly attributable to the work required to dismiss the section 1983 claim that cannot be used in the ongoing state litigation. (*Id.*) The magistrate judge also recommended denying sanctions under Rule 11 and 28 U.S.C. § 1927. (*Id.*) Defendants filed an objection to the R & R on December 22, 2008, requesting attorneys' fees and costs for the entire litigation as well as sanctions under Rule 11 and 28 U.S.C. § 1927.[4] (Docket No. 144)

The undersigned has made an independent examination of the record in this case and **ADOPTS** in full the magistrate judge's findings and recommendations as the opinion of the Court.

## DISCUSSION

**I. Attorneys' Fees Under 42 U.S.C. § 1988(b)**

■ Defendants object to the limitation on attorneys' fees under section 1988(b). In an action to enforce a claim under section 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). A party

---

**2.** Hereafter referred to collectively as "defendants."

**3.** On September 24, 2008, plaintiff filed a Notice of Partial Voluntary Dismissal in the state case admitting the public use of his expropriated land, but did not present that information to this Court. (*See* Docket No. 144)

**4.** Defendants notified the Court of plaintiff's Partial Voluntary Dismissal in state court for the first time in their objection.

prevails when the litigation "materially alters the legal relationship between the parties," giving relief on the merits of at least one important issue of the case. *Farrar v. Hobby,* 506 U.S. 103, 114, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 293 (1st Cir.2001). Technical or *de minimus* success is insufficient, but a party may prevail even if successful on only a small fraction of all the claims. *See Gay Officers,* 247 F.3d at 294; *Head v. Medford,* 62 F.3d 351, 355 (11th Cir.1995).

■ "While decisions to grant defendants their fees [under section 1988(b)] are, and should be, rare, 'a district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith'." *Tang v. R.I., Dept. of Elderly Affairs,* 163 F.3d 7, 13 (1st Cir.1998) (*quoting Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Attorneys' fees may be selectively awarded for only that portion of the litigation which is found to be frivolous. *See Ward v. Hickey,* 996 F.2d 448, 456 (1st Cir.1993). Fees "should not be derived through any mechanical formula," as a fee decision is "an equitable judgment entrusted to the discretion of the fact finder." *Lipsett v. Blanco,* 975 F.2d 934, 940 (1st Cir.1992)(quoting *General Dynamics Corp. v. Horrigan,* 848 F.2d 321, 325 (1st Cir. 1988)).

■ Defendants are prevailing parties with respect to the federal claim. The defendant in *Head v. Medford* "prevailed" upon entry of summary judgment on the plaintiff's federal claims and dismissal of remaining claims without prejudice. 62 F.3d at 355. Similarly, in this case, defendants' motions for summary judgment were granted dismissing the federal claim, and the plaintiff's state claims were dismissed without prejudice. Defendants succeeded on the merits of the section 1983 claim and, like the defendants in *Head v. Medford,* are therefore the prevailing party with respect to section 1988(b).

■ Plaintiff lost on the merits of his ungrounded and frivolous section 1983 claim. Although neither party objected to the finding of frivolity, after an independent review, the Court agrees with the magistrate judge's determination that plaintiff's section 1983 claim was frivolous. As carefully analyzed by the magistrate judge, plaintiff failed to seek relief in state court before pursuing federal remedies; in fact plaintiff refused to participate in state court proceedings concerning the disputed property. (Docket No. 143 at 4) The magistrate judge therefore appropriately found plaintiff's section 1983 claim frivolous. Defendants are accordingly entitled to attorneys' fees under section 1988(b) with respect to the section 1983 claim.

■ Defendants claim they are entitled to recover their attorneys' fees for the entire litigation. The magistrate judge's recommendation to deny fees for the work that could be relevant to the ongoing state proceedings is, however, an appropriate exercise of discretion. *See Ward,* 996 F.2d at 456. In *Head v. Medford,* the Eleventh Circuit Court of Appeals awarded attorneys' fees "realistically attributable solely and exclusively to the plaintiff's federal due process claims and not the defendants' attempt to litigate state law claims in federal court," after entering summary judgment on the federal claim and dismissing the state claims without prejudice. 62 F.3d at 356; *see also Ward,* 996 F.2d at 456 (upholding award of fees for only those claims found to be frivolous). As noted

above, the procedural background in this case is the same as that in *Head v. Medford*. A similar limitation on the award of attorneys' fees here is therefore reasonable and appropriate. Thus, the Court concurs with the magistrate judge's recommendation to award fees only as they relate to the federal claim.

Defendants present "new" information regarding the ongoing state proceedings and suggest it warrants awarding them attorneys' fees for the entire litigation. Despite this information, the Court continues to find the magistrate judge's recommendation limiting attorneys' fees to the federal claim appropriate. The Court notes that the state court's Partial Voluntary Dismissal was known to defendants before the R & R was issued. The defendants therefore, could have—and should have—included this information in the motion papers submitted to the magistrate judge. The Court adopts the magistrate judge's recommendation because it is fair to both parties in light of the recent dismissal in state court. With less ongoing state litigation, less work will be attributable to the state claims. Defendants will therefore be able to prove a greater percentage of their work was attributable solely to the federal claim and will recover more of their attorneys' fees. Defendants are ordered to demonstrate which fees are recoverable under this standard. If defendants properly document their attorneys' fees and "plausibly assert[ ] that the time cannot be allocated between successful and unsuccessful claims, it becomes the fee-target's burden to show a basis for segregability." *Lipsett*, 975 F.2d at 941. The magistrate judge's recommendation with respect to attorneys' fees under section 1988(b) is adopted under the condition that plaintiff must carry the burden of proving segregability if, and only if, defendants demonstrate futility in separating the legal services.

There are no objections to the magistrate judge's recommendation concerning the calculation of attorneys' fees. "[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate," unless a party has an objection grounded in fact and warranted by law. *Sackall v. Heckler*, 104 F.R.D. 401, 402–03 (D.R.I.1984). Because no objections to the magistrate judge's fee calculations were submitted and the Court finds no plain error, it now adopts the R & R with respect to fee calculations under section 1988(b).

## II. Costs Under Rule 54(d)(1)

Defendants object to the magistrate judge's recommendation to limit costs under Rule 54(d)(1) to the work done dismissing the federal claim which cannot be used in the state proceedings. Rule 54(d)(1) provides for the recovery of costs other than attorneys' fees to the prevailing party unless a federal statute or court order otherwise provides. The Court may tax the expenses of depositions, docket fees, and certified translations as costs. *See* Loc.Civ.R. 10(b); 28 U.S.C. § 1920; *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation (Hotel Fire Litig.)*, 994 F.2d 956, 962 (1st Cir.1993); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.1985). Depositions introduced into evidence or used at trial, "necessarily obtained for use in the case," are taxable to the losing party. *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46, 55 (D.P.R.1991); *see Templeman*, 770 F.2d at 249. The Court can, in its discretion, tax the costs of depositions not used at trial or put into evidence. *Templeman*, 770 F.2d at 249. The Court must give a reason for denying costs if the reason is not "readily apparent on

the face of the record," because recovery is presumed for prevailing parties. *Hotel Fire Litig.*, 994 F.2d at 963.

Defendants claim a right to recover all costs. They point to their success in summary judgment and contend that it will be "almost impossible to parcel out or extract ... any matter that may be understood to be beyond the federal matter." (Docket No. 144 at 17) In light of the "new" information regarding the state court litigation, it should not be impossible to determine which depositions and discovery work cannot be used in the ongoing state litigation. According to defendants, there is not much left to litigate in state court. Therefore, much of their expenses will be recoverable and taxable as costs under Rule 54(d)(1). As discussed above, if defendants are able to show it is actually "almost impossible" to extract matters relevant to the state litigation, plaintiff will be obliged to show segregability. All translation and interpretation costs will be recoverable because translation was only necessary for the federal proceedings. The Court adopts the magistrate judge's recommendation with respect to costs under Rule 54(d)(1).

### III. Sanctions Under 28 U.S.C. § 1927

■ Defendants object to the magistrate judge's recommendation to deny sanctions under 28 U.S.C. § 1927. An attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Bad faith will automatically warrant sanctions, but it is not a prerequisite. *Cruz v. Savage*, 896 F.2d 626, 631–32 (1st Cir. 1990). When an attorney's "conduct in multiplying proceedings is [objectively] unreasonable and harassing or annoying, sanctions may be imposed." *Id.* at 632;

*see Bermudez v. 1 World Prods., Inc.*, 209 F.R.D. 287, 289 (D.P.R.2002). The sanctioned conduct must go beyond mere negligence or inadvertence. *Cruz*, 896 F.2d at 632; *see Bolivar v. Pocklington*, 975 F.2d 28, 33 (1st Cir.1992).

Plaintiff's conduct does not warrant additional sanctions under section 1927 because sanctions for frivolity fall more appropriately under section 1988(b). *See Rossello–Gonzalez v. Acevedo–Vila*, 483 F.3d 1, 7 (1st Cir.2007). In *Rossello–Gonzalez*, the trial court's decision to deny sanctions under section 1927 was upheld considering the arguments for sanctions alleged frivolity, not duplicative proceedings. *Id.* In this case, sanctions are merited against plaintiff because he continued to pursue groundless and frivolous claims in federal court, not because the proceedings were unnecessarily multiplied. As in *Rossello–Gonzalez*, sanctions under section 1988(b) are the appropriate remedy, not sanctions under section 1927. Further, sufficient sanctions in the form of attorneys' fees and costs are already being awarded under section 1988(b) and Rule 54(d)(1). The Court thus adopts the magistrate judge's recommendation to deny sanctions against plaintiff under section 1927.

### IV. Sanctions Under Rule 11

■ Defendants object to the magistrate judge's recommendation to deny sanctions under Rule 11. Rule 11 gives the Court discretion to impose sanctions on attorneys or parties that present: (1) pleadings for improper purposes; (2) claims unwarranted by existing law; or (3) factual contentions and denials without evidence. Fed.R.Civ.P. 11. "The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses." *Cruz*, 896 F.2d at 630

(*citing id.* advisory notes); *see Bermudez,* 209 F.R.D. at 289. Sanctions are limited to what would efficiently deter similar future conduct. Fed.R.Civ.P. 11(c)(4). A violation of Rule 11 is evaluated under an objective reasonableness standard, avoiding the wisdom of hindsight. *Cruz,* 896 F.2d at 631.

Sanctions are not warranted under Rule 11 in this case. Defendants claim Rule 11 sanctions should be imposed, but sanctions sufficient to "deter repetition of the conduct or comparable conduct by others," are the attorneys' fees and costs that are already being awarded in this case. Fed. R.Civ.P. 11(c)(4). The magistrate judge recommended appropriate sanctions to deter the undesirable conduct. In keeping with the discretion it has to determine the nature and severity of sanctions, *see Silva v. Witschen,* 19 F.3d 725, 730 (1st Cir. 1994), the Court adopts the magistrate judge's recommendation that additional sanctions under Rule 11 should not be imposed.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation in full and **ORDERS** defendants to provide records demonstrating which fees and costs are attributable to their work to dismiss the section 1983 claim and that they cannot use in the ongoing litigation in state court.

**IT IS SO ORDERED.**