**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-1012

DAVID BERGERON, ET AL.,

Plaintiffs, Appellants,

v.

ANDREA CABRAL, individually and as Sheriff of Suffolk County,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Howard and Thompson,
Circuit Judges.

Stephen C. Pfaff and Louison, Costello, Condon & Pfaff, LLP, on brief for appellants.
Ellen M. Caulo, Deputy General Counsel, on brief for appellee.

September 14, 2010

**Per Curiam**.  Plaintiffs-appellants appeal from the district court's award of costs for deposition transcripts over their objections that the motion for bill of costs was untimely and that some of the transcripts were not used at trial.  We affirm.

Defendant-appellee, Suffolk County Sheriff Andrea Cabral was the prevailing party in this 42 U.S.C. § 1983 suit brought by plaintiffs-appellants, ten former jail officers at the Suffolk County Sheriff's Department.  Cabral filed a motion for an award of deposition costs in the amount of $13,311.45.  Plaintiffs opposed the motion for costs on the ground that it was untimely, and that some of the depositions were not actually introduced into evidence or used at trial and, therefore, should not have been taxed as costs.  In granting the motion for bill of costs, the district court ruled that the one-month delay in filing it was not "excessive or prejudicial to plaintiffs," and that the claimed costs were "reasonable and authorized by statute."  Plaintiffs appeal from that ruling.

"The award or denial of costs is generally reviewed only for an abuse of discretion." 10 James Wm. Moore, Moore's Federal Practice, §54.100[4][b] (3d ed. 1997).  As the district court stated, and neither party disputes, "[n]either the Federal Rules nor the Local Rules of this court set a deadline for the filing of a Bill of Costs."  "If the local rules do not address the issue, a motion for costs is not subject to any particular time limitation,

-2-

but instead must be filed within a reasonable time." Id., §54.100[1][a].

The district court's website sets forth the procedure for filing a bill of costs in that court, including a fifteen-day time period which the website characterizes as "an informal practice, rather than a formalized local rule." The defendant filed her bill of costs 45 days after the expiration of the time to appeal instead of 15 days after.[1] The district court's website specifically provides that allowance should be made for "litigants who file late but claim, in good faith, that they were not aware of the time restriction." The defendant, whose attorney filed an affidavit stating her ignorance of the 15-day time period, falls within that category.

In their brief, appellants argue that granting the defendant's delayed motion for costs represents a "dereliction of the Court's rules" and "disturbs finality." However, given that the district court treats the fifteen-day time period as "an informal practice, rather than a formalized local rule," and specifically allows for exceptions under these circumstances, appellants' objections are unfounded. The district court did not

---

[1] Judgment entered on 8/24/09 and the 30-day appeal period expired on 9/23/09. Therefore, under the "informal practice" within the District of Massachusetts, Cabral should have filed her motion for bill of costs by 10/8/09. Instead, she filed it approximately one month later, on 11/9/09.

abuse its discretion in failing to deny the motion for costs as untimely.

Appellants also object that the district court abused its discretion in awarding costs for the preparation of certain depositions which were not "used at trial." Defendants sought taxation of costs for the deposition transcripts of the ten original plaintiffs and six current or former employees of the Suffolk County Sheriff's Department. The claims of four of the plaintiffs had been dismissed at the summary judgment stage. Plaintiffs object that the deposition transcripts of those four plaintiffs were not "used at trial" and therefore should not be taxed as costs. They further object that because non-plaintiff department employees Elizabeth Keeley and Eugene Sumpter did not testify at trial, their depositions also should not have been taxed as costs.

This court has held that deposition costs are taxable if they "are either introduced into evidence or used at trial," and that "[i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at the trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). The record establishes, and plaintiffs do not dispute, that the depositions to which appellants object were filed with the district court in support of the partially-successful motion for summary

judgment.  Therefore, the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). See 10 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, § 2676, p. 423 (3d ed. 1998) ("[t]he justification for taxing the expense of a deposition that is introduced into evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment"); 10 Moore's Federal Practice, supra, § 54.103[3][c] (explaining that a deposition's necessity is established if it is "used in pretrial proceedings, such as on a motion to dismiss or for summary judgment").  The district court did not abuse its discretion in awarding costs for all of the claimed depositions.  See Whitfield v. Scully, 241 F.3d 264, 271-272 (2d Cir. 2001).

Affirmed.  See 1st Cir. R. 27.0(c).