Minerva **RIVERA–SANTIAGO,**
Plaintiff

v.

**ABBOTT PHARMACEUTICAL PR, LTD.,** Defendant.

Civil No. 07–1372 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 29, 2008.

Anibal Escanellas–Rivera, Maria T. Juan–Urrutia, Escanellas & Juan, San Juan, PR, for Plaintiff.

Rafael J. Vazquez–Gonzalez, Vazquez & Vazquez Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Abbott Pharmaceutical PR, Ltd.'s ("Abbott") Motion for Summary Judgment. (Docket Nos. 20, 21 and 23). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Abbott's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The following material facts are not in genuine issue or dispute pursuant to the stipulations and supporting evidence submitted by the parties:

1. Plaintiff Minerva Plaintiff ("Plaintiff") began to work for Abbott in 1975. (Docket No. 21, ¶ 1; Docket No. 31, App. ¶ 1).

2. In or about September, 1980, Plaintiff was appointed to the position of Purchasing Agent at Abbott. (Docket No. 21, ¶ 2; Docket No. 31, App. ¶ 1).

3. On March 24, 2006, Plaintiff filed discrimination charge number UADA60198C before the ADU. Said charge was filed concurrently with the EEOC and was assigned number 16H20060278C. (Docket No. 21, ¶ 3; Docket No. 31, App. ¶ 1).

4. In said discrimination charge, Plaintiff claimed that she was the object of discrimination because of age and sex based upon the following factual allegations:

> I started working for this company in 1975. In 1981, I became a Purchasing Agent. Since 1999, I have asked to be trained in order to occupy a managerial position. In 2004, when my supervisor retired, I requested that position, they turned me down. A man was brought in to occupy the position. Two months later this person retired, and another man was brought in to occupy the position. This year, in February, he retired and the position was frozen. Two young women were brought from the university so that I would train them. Their ages are between 21 to 23 years of age. I advised Human Resources that I have the academic preparation and that I am being displaced for these two young ladies. The way that I have been treated at work and the different ways that I am being treated have caused me to be hospitalized. I am currently 55 years old.

Plaintiff requested the following remedies: "Reinstatement in position, salaries not received, cease and desist in discrimination against me, compensation for damages, my suffering and mental anguish and that of my family. Any benefits that were denied and any other benefit that I may be entitled to, etc." (Docket No. 28, Exh. 1, at 3, 5; Docket No. 31, App. ¶ 2).

5. On June 21, 2006, Plaintiff amended her discrimination charge to include José L. Carrasquillo as an additional charged party, and to complain of a purported retaliatory practice. In charge 165H200602344, Rivera alleged the following:

> On March 24, 2006, I filed a charge of sexual and age discrimination against Abbott Pharmaceuticals PR Ltd (UADA60198C–EEOC16H20060278C).
> I hereby wish to amend my complaint to include José L. Carrasquillo, the Traffic and Purchasing Manager, as the co-defendant in this complaint. Furthermore, after filing this complaint, I have been a victim of retaliation by Mr. José L. Carrasquillo, who is creating a negative file on me, making reference even when I'm absent and giving details that violate my rights under the HIPPA act. (Docket No. 28, Exh. 2, at 2; Docket No. 31, App. ¶ 3).

6. On February 13, 2007, the EEOC issued Plaintiff a Notice of Right to Sue with respect to charge 16H20060278C. (Docket No. 21, ¶ 6; Docket No. 31, App. ¶ 4).

On May 1, 2007, Plaintiff filed the present complaint against Abbott alleging employment discrimination and retaliation based on gender and age under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–15, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Furthermore, Plaintiff filed supplemental state law claims under Law No. 100 of June 30, 1959, P.R. Laws Ann., tit. 29, §§ 146–151

("Law 100") and Law No. 69 of July 6, 1985, P.R. Laws Ann., tit. 29, §§ 1321–1341 ("Law 69"). (Docket No. 1).

On February 4, 2008, Abbott moved for summary judgment on Plaintiff's claims on the ground that most, if not all, of the factual allegations and claims contained in the complaint were never subjected to an administrative process before the Equal Employment Opportunity Commission ("EEOC") or the Antidiscrimination Unit of the Puerto Rico Department of Labor and Human Resources ("ADU"). Additionally, Abbott averred that Plaintiff's claims were untimely brought before the EEOC or the ADU. In its Motion for Summary Judgment, Abbott also included a request for the dismissal of Plaintiff's retaliation claims pursuant to Fed.R.Civ.P. 12(b)(6). Finally, Abbott requested the dismissal of Plaintiff's supplemental law claims. (Docket Nos. 20–21 and 23). On March 17, 2008, Plaintiff opposed the request for summary judgment. (Docket No. 31). On April 3, 2008, Abbott replied, and Plaintiff sur-replied on April 24, 2008. (Docket Nos. 37, 43). Thereafter, Abbott's Motion for Summary Judgment was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 32). On August 19, 2008, 2008 WL 3895596, the Magistrate Judge issued his Report and Recommendation and recommended that this Court grant in part and deny in part Abbott's Motion for Summary Judgment.

First, the Magistrate Judge addressed and denied Abbott's request for summary judgment on the ground that the claims contained in the complaint do not grow out of the claims asserted in the initial and amended discrimination charges that Plaintiff filed in the ADU and the EEOC. The Magistrate Judge noted that Plaintiff was entitled to some degree of leeway because the Magistrate Judge found that she was acting *pro se* and had no help

from an attorney when she filed her initial and amended discrimination charges. Taking Plaintiff's *pro se* status into consideration and after reviewing the allegations made by Plaintiff in the administrative stage, the Magistrate Judge determined that the claims proffered by Plaintiff in her complaint were reasonably related to her initial and amended discrimination charges.

The Magistrate Judge also recommended the denial without prejudice of Abbott's request for the dismissal of Plaintiff's retaliation claims. The Magistrate Judge stressed that Abbott moved to dismiss under Fed.R.Civ.P. 12(b)(6) making its Motion for Summary Judgment a "hybrid motion to dismiss and/or summary judgment," which is not permitted under the directives set forth by this Court in its Case Management Order ("CMO").

Moreover, the Magistrate Judge determined that Plaintiff's claims under Title VII or ADEA, which were based on alleged instances of discriminatory failure to promote that took place on or before May 28, 2005 were time barred. The Magistrate Judge recommended that these claims be dismissed with prejudice. Likewise, the Magistrate Judge determined that this Court should dismiss with prejudice Plaintiff's wage discrimination claims based on pay setting decisions that were made prior to May 28, 2005. Finally, the Magistrate Judge concluded that this Court should not dismiss Plaintiff's supplemental law claims. (Docket No. 57).

On September 3, 2008, Abbott proffered three objections to the Magistrate Judge's Report and Recommendation. First, Abbott objected to the Magistrate Judge's conclusion that the claims proffered by Plaintiff in her complaint were reasonably related to her initial and amended discrimination charges. Second, Abbott objected to the Magistrate Judge's recommendation that this Court not entertain its request

for dismissal under Fed.R.Civ.P 12(b)(6). Third, Abbott argues that Plaintiff's supplemental claims should be dismissed. (Docket No. 68). On September 18, 2008, Plaintiff filed her response to Abbott's objections. (Docket No. 71).

## STANDARD OF REVIEW

### 1) *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez*

v. *Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a "properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

2) *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the

Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R.2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the magistrate's recommendation. *Alamo Rodriguez*, 286 F.Supp.2d at 146 (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

## DISCUSSION

1. *Dismissal of claims not included in Plaintiff's administrative charges*

Abbott avers that Plaintiff's complaint states several allegations that were totally absent from the administrative process that she initiated before the EEOC. Specifically, Abbott brings to this Court's attention that the following allegations were not included in the charges filed before the EEOC:

1. "Rivera's salary increases and promotion record is discriminatory because of her age and gender." (Docket No. 1, at ¶ 16).

2. "Rivera's increases and promotion possibilities have been less than when compared to younger and mostly male employees occupying comparable positions." (Docket No. 1, at ¶ 17).

3. "Rivera's last supervisor, Mr. Jose Carrasquillo, openly mistreated and down-

graded Rivera, creating a pattern of discriminatory treatment because of her age and gender." (Docket No. 1, at ¶ 19).

4. "Mr. Carrasquillo gave male buyers better treatment and conditions of employment, regardless of Rivera's efforts to demonstrate her excellent performance and saving's record." (Docket No. 1, at ¶ 19). Furthermore, Abbott avers that Plaintiff's complaint includes a theory of retaliation that was not part of her claims in the EEOC. Abbott submits that the following paragraphs of the complaint proffer said retaliatory theory:

1. "Mr. Carrasquillo retaliated against Rivera through the performance appraisals, bring (sic) forth unfounded allegations in order to taint Rivera's record." (Docket No. 1, at ¶ 22).

2. "In February 2007 Mr. Carrasquillo retired from Abbott, however, even though Rivera was the most qualified buyer to occupy the supervisory position left behind upon his retirement, Abbott again assigned the supervisory position to a younger employee." (Docket No. 1, at ¶ 23).

According to Abbott, none of these facts can be found in Plaintiff's administrative charges.

An administrative charge " 'affords formal notice to the employer and prospective defendant of the charges that have been made against it,' and 'the scope of the civil complaint is accordingly limited to the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge.' " *White v. New Hampshire Dep't of Corrections,* 221 F.3d 254, 263 (1st Cir.2000)(internal citations omitted); *see also Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996)(holding that the purpose behind the exhaustion requirement which is to give the employer timely notice of the events as well as provide an opportunity for an early amicable resolution of the controversy would be frustrated if the em-

ployee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action). The administrative complaint should describe the essential nature of the claim and identify the core facts on which it rests. *Lattimore,* 99 F.3d at 464. Employees are required to meet these procedural requirements established by law even in cases such as the one before us where the employee filed its administrative charges *pro se. Id.* When "the employee acts *pro se,* the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt." *Id.* (internal citations omitted). However, "the latitude extended in *pro se* employment discrimination cases does not allow the complainant 'to file general charges with the [administrative agency] ... and then expect that this allegation will permit all claims of race-based discrimination in a subsequent law suit.' " *Id.*(internal citations omitted).

The First Circuit has clarified that "[a]n administrative charge is not a blueprint for the litigation to follow ... [and] the exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow." *Powers v. Grinnell Corp.,* 915 F.2d 34, 38–39 (1st Cir.1990)(internal quotations and citations omitted). "[T]he critical question is whether the claims set forth in the civil complaint come within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

Plaintiff filed two administrative complaints with the EEOC, claiming that she was discriminated against on the basis of her gender, age and retaliated against by Mr. Carrasquillo. Though the administrative complaint does not spell out all of the specific facts and allegations highlighted by Abbott, it was sufficient to describe

the essential nature of the charge and to lead to a reasonable investigation thereof. The EEOC's investigation is guided by the allegation but it is not strictly confined to allegations in the charge. *Lattimore*, 99 F.3d at 465. However, the EEOC's investigation, is not a "fishing expedition" that should be expected to extend to matter unrelated to the charge. *Id.*

■ First, we find that Plaintiff's allegations that: (1) her salary increases and promotion record is discriminatory because of her age and gender and (2) that her increases and promotion possibilities have been less than when compared to younger and mostly male employees occupying comparable positions is reasonably within the scope of the EEOC's investigation of the age and gender discrimination claimed proffered in charge 16H20060278C. In said charge, Plaintiff indicated to the EEOC that she was repeatedly turned down for a managerial position at Abbott, which was given to male applicants. Furthermore, Plaintiff claimed that she reapplied for the position but it was given to younger females. Moreover, Plaintiff's remedy request indicates that she seeks salaries not received. These facts and allegations are sufficient for this Court to reasonably conclude that the aforementioned allegations should be within the scope of the EEOC's investigation.

Likewise, we find that Plaintiff's allegation that: (1) Mr. Carrasquillo, openly mistreated and downgraded her, creating a pattern of discriminatory treatment because of her age and gender; (2) that Mr. Carrasquillo gave male buyers better treatment and conditions of employment, regardless of Rivera's efforts to demonstrate her excellent performance and saving's record; and (3) that Mr. Carrasquillo retaliated against Rivera through the performance appraisals, bringing forth unfounded allegations in order to taint her

record should also be within the scope of the EEOC's investigation that resulted after Plaintiff filed her two administrative charges. In charge 165H200602344, Plaintiff specifically claimed to the EEOC that Mr. Carrasquillo retaliated against her. Furthermore, in charge 16H20060278C Plaintiff requested that Abbott "cease and desist in discrimination against me." Moreover, Plaintiff specifically mentioned in charge 165H200602344 that charge 16H20060278C proffered an age and gender discrimination claim. As such, this Court finds that Plaintiff's administrative charges provided sufficient hints and/or facts to guide the EEOC's investigation. Therefore, this Court holds that the three just mentioned allegations were also reasonably related to her initial and amended discrimination charges.

Finally, we find that Plaintiff's allegation that even though she was the most qualified buyer to occupy the supervisory position she was left behind upon Mr. Carrasquillo's retirement, because Abbott again assigned the supervisory position to a younger employee also falls within the purview of the EEOC's investigation, which can reasonably be expected to grow out of the administrative charges submitted by Plaintiff. As previously mentioned, charge 165H200602344 clarified to the EEOC that charge 16H20060278C proffered an age and gender discrimination and Charge 16H20060278C brought to the EEOC's attention that Plaintiff trained younger employees, who would take over the managerial position she repeatedly sought. Hence, these administrative claims demonstrate to this Court that the EEOC had reason to be aware that Plaintiff could have been discriminated against because of her an age when she was allegedly displaced by younger employees.

As such, the claims set forth in Plaintiff's complaint come within the scope of

the EEOC investigation which can reasonably be expected to grow out of Plaintiff's administrative charges. Consequently, this Court will adopt the Magistrate Judge's recommendation and deny Abbott's request for summary judgment on the ground that the claims contained in the complaint do not grow out of the claims asserted in the initial and amended discrimination charges filed by Plaintiff in the EEOC.

### 2. *Abbott's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)*

Abbott also objected to the Magistrate Judge's recommendation that this Court not entertain its request for dismissal under Fed.R.Civ.P 12(b)(6). The Magistrate Judge made said recommendation because Abbot's request for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) was included in the Motion for Summary Judgement making it a "hybrid motion to dismiss and/or summary judgment," which goes against the directives set forth by this Court in the CMO. This Court agrees with the Magistrate Judges recommendation.

■ The CMO states in pertinent part as follows:

The Court will not accept so-called motions "to dismiss and/or summary judgment." The standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true, while the standard applicable to a Rule 56 motion for summary judgment requires only that the Court indulge in favor of the non-moving party all reasonable inferences arising from such facts as may have been established by affidavit, deposition, or other such reliable method. Furthermore, the requirements of Local Rule 56(b) apply

only to motions for summary judgment. Filing hybrid motions is inappropriate and fosters only confusion and delay. Thus, our CMO specifically prohibits hybrid motions such as the one before us because Motions for Summary Judgment and Motions to Dismiss require that this Court apply different standards of review. *See Perez–Rodriguez v. Camden County Sheriff's Dep't*, 2006 WL 2246401, at *1, 2006 U.S. Dist. LEXIS 54598, at *2–4 (D.P.R. Aug. 4, 2006). Abbott's Motion has been treated solely as a Motion for Summary Judgment and permitting Abbott's request for dismissal under Fed. R.Civ.P. 12(b)(6) would go against our CMO, which is issued to avoid the confusion and delay associated with a "hybrid motion to dismiss and/or summary judgment." As such, this Court will deny without prejudice Abbott's request for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).[1]

### 3. *Supplemental Law Claims*

Abbot also argued that Plaintiff's state law claims should be dismissed. This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir.1998)("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.") (citations omitted). Since this Court will not dismiss all the federal claims in the case at bar, Plaintiff's state law claims shall not be dismissed.

### CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate Judge's

---

1. We interestingly note that on August 21, 2008, Abbott filed a Motion for Summary Judgment requesting the dismissal of Plaintiff's retaliation claims. (Docket No. 59, 61, and 62).

Report and Recommendation, (Docket No. 59), in its entirety and, accordingly, **GRANTS** in part and **DENIES** in part Abbott's Motion for Summary Judgment. (Docket Nos. 20, 21 and 23). Accordingly, this Court holds that: (1) the claims proffered by Plaintiff in her complaint were reasonably related to her initial and amended discrimination charges; (2) Abbott's request for the dismissal of Plaintiff's retaliation claims shall be denied without prejudice; (3) Plaintiff's claims under Title VII or ADEA, which were based on alleged instances of discriminatory failure to promote and took place on or before May 28, 2005 shall be dismissed with prejudice; (4) Plaintiff's wage discrimination claims based on pay setting decisions that were made prior to May 28, 2005 shall be dismissed with prejudice; and (5) Plaintiff's supplemental law claims shall not be dismissed.

IT IS SO ORDERED.